UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-22141-CIV-KING/GARBER

ATCI COMMUNICATIONS, INC.,
    Plaintiff,

v.

INFINOVA CORPORATION, a
New Jersey corporation,

    Defendant.
_____/

**ORDER**

THIS CAUSE has been referred to the undersigned by Senior United States District Judge James Lawrence King on the plaintiff's Motion for Attorneys' Fees and Costs [DE 11] and defendant's response in opposition [DE 13]. A hearing was held on said Motion on October 11, 2013 and counsel for the parties were in attendance.

Plaintiff filed the Complaint in this cause on May 6, 2013 in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. Plaintiff's complaint alleged *inter alia* that "This is an action for [sic] involving money damages with a value greater than Fifteen Thousand Dollars."

On June 14, 2013, the defendant timely moved to remove the cause to this Court based upon a claim of diversity of the parties. On June 19, 2013, plaintiff filed its Motion for Remand [4], asserting that the amount claimed by plaintiff is below the this Court's jurisdiction based on diversity and for damages of $75,000.00. Said Motion to Remand seeks an award of attorneys' fees and costs against the defendant, pursuant to 28 U.S.C. § 1447(c), incurred because of defendant's erroneous removal from State Court to this Court.

"Courts may consider an award of attorney's fees and costs after the case has been remanded to the state court." *Montgomery & Larmoyeux by Montgomery v. Philip Morris, Inc.,* 19 F. Supp. 2d 1334, 1335 (S.D. Fla.1998). Such award is in the discretion of the district court. *Id.*

A review of plaintiff's Complaint fails to set forth the requisite allegation and claim for damages in excess of $75,000.00. Indeed, the Complaint asserts *inter alia* that "[t]his is an action for (sic) involving money damages with a value greater than Fifteen Thousand Dollars ($15,000), exclusive of pre-judgment interest, attorney's fees and costs." Allegations of this amount is necessary to establish jurisdiction in the Florida Circuit Court.

28 U.S.C. §1332 is referred to in Fla.Stat § 1446(c)(2), which provides :

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . .

Accordingly, the claim for damages in excess of $15,000.00 governs the determination of jurisdiction.

The defendant inappropriately states that "[u]pon information and belief, the controversy in this matter exceeds the sum of $75,000.00." The Eleventh Circuit has opined that a court should look to the plaintiff's initial pleading and view damages from the plaintiff's perspective, so that "the court is ensured that it will not rely upon the purely personal beliefs of the defendant as an estimation of damages." *Simpson,* 889 F.Supp. at 491 (citing *Shumpert v. Amoco Oil Co.*, 782 F.Supp. 77 (E.D. Wis. 1991). Thus, it clearly appears that the defendant's "upon information and belief" is insufficient since plaintiff's damage claim is not sufficient to meet this Court's jurisdictional requirements.

Plaintiff's president makes it abundantly clear, in his affidavit, that the damages sought by plaintiff are significantly less than the amount needed to meet this Court's jurisdictional

requirements. The defendant knew, or should have known, that its damage claim was insufficient to satisfy its burden to invoke this Court's jurisdiction.

Defendant's claim that its prospective counterclaim was in excess of $75,000.00 is unavailing. The defendant, having been found in default in responding to the complaint in the state court complaint, was precluded from filing such counterclaim since it no longer had standing in the cause. *Cohen v. Murphy,* 2004 WL 2779942, *1 (N.D. Cal. 2004); *New house v. Probert*, 608 F.Supp 978,985 (D.C. Mich. 1985).

The Court finds, from an examination of the record, review of the parties' submissions and argument of counsel, that the defendant should have known that it could not rightfully remove the state court claim to federal court since it had failed to assert facts sufficient to meet this court's jurisdictional requirements. Its continued efforts have unnecessarily required plaintiff to incur legal fees and costs by the filing of a Motion to Remand; plaintiff should be reimbursed for such expenses in an amount determined by this Court.

Accordingly, and upon due consideration, it is hereby

ORDERED as follows:

1. Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED.

2. Plaintiff shall submit a statement, on or before ten (10) days from the date of this Order, for reasonable attorneys' fees and costs for time expended in the preparation of its Motion, its reply to defendant's response, preparation for the hearing on the Motion, and the hearing..

DONE AND ORDERED in Chambers at Miami, Florida this 11th day of October 2013.

*/s/ Barry L. Garber*
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE